| UNITED STATES DISTRICT COURT | SOUTHERN DISTRICT OF TEXAS |
|---|---|

Dameware Development, LLC, et al., §
§
      Plaintiffs, §
§
versus §      Civil Action H-09-4093
§
American General Life Insurance Company, §
§
      Defendant. §

## Opinion on Summary Judgment

1. *Introduction.*

A pension plan bought life-insurance policies. It says that the insurer breached its contracts after the third-party administrators of the plan did not perform. Because the insurer is not responsible for the plan's subcontractors, it will prevail.

2. *Background.*

In 2004, Dameware Development, LLC, Defined Benefit Pension Plan and Trust bought three life-insurance policies from American General Life Insurance. American General issued life-insurance polices on Robert Hatcher, Karla Hatcher, and Victoria Goodwin – employees of Dameware Development, LLC. The policies name the Plan as the owner, premium obligor, and beneficiary.

The Plan says that American General told it to use one of its approved third-party administrators to develop and manage it. From December 2003 through October 2006, the Plan hired three third-party administrators.

- In December 2003, the Plan hired B&F Corporate Benefit Services. The Plan paid over $1.19 million to American General in premiums for the policies. In early 2005, American General no longer approved B&F.

- In June 2005, the Plan hired Pension Professionals of America, LLC. In April 2006, Pension Professionals told the Plan that it would not pass the test that the Internal Revenue Service uses to ensure that benefits are not concentrated. It later told the Plan that it would no longer serve as its third-party administrator.

- In September 2006, the Plan hired National Pension Associates. One month later, National Pension told the Plan that it could not redesign it. The Plan did not take tax deductions for 2004 through 2006.

Because the Plan concluded that no third-party administrator would perform, it asked American General to refund its premiums and void the policies. American General returned the payments for the annuities, but it did not return the $1.04 million that the Plan had paid for the policies. The Plan says that American General breached its contracts; thus, they should be rescinded.

3. *Contracts.*

The Plan had three contracts with American General for life insurance. American General would pay the benefit to the Plan when one of the insureds died – it was only operating as a product provider. American General did not breach its contracts with the Plan. It fulfilled its obligations by issuing the life insurance.

American General is not responsible for the third-party administrators that the Plan chose. It had nothing to do with creating or administering the Plan. It is not the architect, owner, or builder. It is a lumber yard supplying material.

4. *Third-parties and Independent Administrators.*

The Plan freely chose its administrators. It was free to reject the options given by American General or request its own. Instead, it simply accepted someone from the list.

The Plan contracted with American General for the life-insurance policies. It later contracted with the third-party administrators – which were individual subcontractors to the Plan – to develop and administer it. The Plan's contracts with American General and with the *third-party* administrators are independent.

To hold American General liable for the actions of the Plan's third-party administrators, there must be a partnership or joint venture agreement between them. *Transit Mgmt. of Southeast La., Inc., et al., v. Group Ins. Admin., Inc., et al.* 226 F.3d 376 (5th Cir. 2000). There is no contract between American General and the third-party administrators – neither is liable for the other's acts.

5.  *Dameware Development, LLC.*

As the Plan's sponsor, Dameware Development, LLC, is not a party to the policies – it is neither an owner nor a beneficiary of them. It has no standing to sue. Dameware Development, LLC, will be dismissed for failure to state a claim.

6.  *Rescission and Dissolution.*

Rescission allows a buyer to cancel a contract. The Plan is not happy with the results of its contracts, but that is not incapacity, fraud, or duress that would allow rescission. La. Civ. Code Ann. art. 2029 (2010).

Louisiana law allows dissolution of a contract where the obligor has not performed. Both parties have performed. The Plan promised to pay premiums, and American General promised to insure the chosen lives. La. Civ. Code Ann. art. 2013 (2010). During the years the Plan paid premiums, it had coverage. It got what it bought.

Over five years, the Plan has shown itself incapable of getting its paperwork right so that it would qualify for a favorable tax-paying status. The policies were fine; the Plan was deficient. Although the Plan may have been entitled to rescind its contracts with its third-party administrators, it could not rescind its collateral contracts with American General.

American General has not breached its duty under the contracts. It fully performed; there is nothing to rescind or dissolve.

7.  *Conclusion.*

Dameware Development, LLC, is not a party to the policies. It has not stated a claim against American General; it will take nothing.

American General did not breach its contracts with Dameware Development, LLC, Defined Benefit Pension Plan and Trust; the contracts will not be rescinded. Dameware

Development, LLC, Defined Benefit Pension Plan and Trust will take nothing from American General Life Insurance Company.

Signed on March 13, 2011, at Houston, Texas.

Lynn N. Hughes
United States District Judge